## HAGEN v HAGEN

Docket No. 82349. Submitted December 4, 1985, at Detroit.—Decided April 8, 1986.

Plaintiff, Kathryn Hagen, and defendant, Richard Hagen, were divorced by order of the Wayne Circuit Court, Patrick J. Duggan, J. Plaintiff was awarded custody of the parties' two minor children and defendant was ordered to pay child support. The divorce judgment included an income withholding provision which stated that, in the event a delinquency in the child support account should occur, an assignment of income would be issued upon proper notice. Defendant became delinquent in his child support payments and plaintiff instituted contempt proceedings against defendant by filing a motion for an order to show cause. A hearing was held before a Friend of the Court referee, resulting in the referee's ordering an assignment of defendant's wages in the amount of $130 per week. Defendant appealed to the Wayne Circuit Court. The court adopted the referee's decision and issued an order of wage assignment in the amount of $130 per week. Defendant appealed. *Held:*

The court followed improper procedure for ordering an assignment of defendant's wages by failing to demand or enforce compliance with the court rule governing notice to a delinquent party. Until the notice requirements were met and defendant had an opportunity either to request a hearing on the arrearages or to pay in full an arrearage calculated by the Friend of the Court, the circuit court was precluded from making effective the income withholding provision contained in the parties' judgment of divorce. Defendant was never given such notice. The order of wage assignment is therefore reversed.

Reversed.

Parent and Child — Divorce — Child Support — Arrearages — Automatic Wage Assignments.

The Support and Visitation Enforcement Act contemplates that

References

Am Jur 2d, Divorce and Separation §§ 1018 *et seq.*

Am Jur 2d, Parent and Child §§ 50 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Custody and Support of Children; Parent and Child.

an income withholding provision contained in a judgment of divorce may be triggered only upon notice of an arrearage from the Friend of the Court; to invoke the automatic wage assignment provisions of the act, the statutory procedures, including notice of arrearage from the Friend of the Court, must be complied with (MCL 552.601 *et seq.*; MSA 25.164[1] *et seq.*; GCR 1963, 727).

*Thomas A. Kuzmiak,* for plaintiff.

Richard Hagen, *in propria persona.*

Before: MacKenzie, P.J., and D. F. Walsh and Shepherd, JJ.

Per Curiam. This case involves enforcement of the child support provision contained in the parties' judgment of divorce. Defendant appeals as of right from an order entered December 6, 1984, which affirmed an assignment of defendant's wages to cure his child support arrearage. We reverse.

Plaintiff and defendant were divorced on September 25, 1984. Plaintiff was awarded custody of the parties' two minor children; defendant was ordered to pay child support of $60 per week per child. Pursuant to MCL 552.604; MSA 25.164(4), the judgment of divorce included an income-withholding provision which stated that "in the event a delinquency in the [Child] Support Account exists, upon proper notice an Assignment of Income shall issue".

When defendant became delinquent in his child support obligation, plaintiff instituted contempt proceedings by filing a motion for an order to show cause. At an October 16, 1984, hearing on the matter before a Friend of the Court referee, plaintiff claimed defendant was approximately $750 in arrears. Defendant admitted he was behind in his

payments, but disputed the amount of the arrearage. At the close of the hearing, the referee ordered an assignment of defendant's wages in the amount of $130 per week.

Defendant's circuit court appeal of the wage assignment was heard the same day. The court adopted the referee's decision and accordingly issued an order of wage assignment in the amount of $130 per week. Defendant's motion for rehearing was heard by the court on November 16, 1984. Defendant asserted that he had not received notice concerning a child support delinquency prior to the October 16 Friend of the Court hearing; plaintiff admitted that the hearing was on her personal show cause motion and not that of the Friend of the Court. The order of wage assignment was affirmed by order dated December 6, 1984.

Defendant does not contest the fact that he was in arrears at the time of the trial court's order. Instead, he claims that the court followed improper procedure for ordering an assignment of his wages by failing to demand or enforce compliance with the notice provisions of GCR 1963, 727. That rule provides in pertinent part:

".3 Enforcement. The Friend of the Court shall assume responsibility for initiating and carrying on proceedings to enforce all support, visitation, and custody orders and judgments.

".4 Procedure in Support Payment Delinquencies.

"(1) If any person who has been ordered to make payments for the support of minor children has become delinquent in his payments, *the Friend of the Court shall advise the delinquent by ordinary mail of such delinquency and demand payment therefor.*

"(2) If no response is received within 14 days after the date of mailing such letter, the friend of the court may present to the court a petition for an order to show cause returnable within not less than 7 days why the

delinquent should not be held in contempt." (Emphasis added.)

The notice requirement of GCR 1963, 727 is paralleled in certain provisions of the Support and Visitation Enforcement Act (SVEA), MCL 552.601 *et seq.;* MSA 25.164(1) *et seq.,* as amended by 1985 PA 210. At the time the order of wage assignment was entered, § 4 of the SVEA required that support orders entered after July 1, 1983 (such as in the instant case), provide for an order of income withholding which "shall take effect when the requirement of section 7 is met * * *". MCL 552.604. Section 7 provided:

"(1) If an order of income withholding is entered under section 4 and if the fixed amount of arrearage determined under section 11(1) of the friend of the court act is reached, *the office of the friend of the court shall send notice of the arrearage to the payer by ordinary mail* to his or her last known address. *The notice shall state that the order of income withholding will take effect 14 days after the date of the notice, unless the payer responds by requesting a hearing or by paying the arrearage in full.* A copy of the notice shall be sent by ordinary mail to each recipient of support. *The payer may, within that 14-day period, request a hearing on the issue of whether the order of income withholding should take effect, in which case the order of income withholding shall be delayed pending the outcome of the hearing.*

"(2) A referee or a circuit judge shall hold a hearing requested under this section within 14 days after the date of the request. If at the hearing the payer establishes that extraordinary circumstances beyond the control of the payer prevented fulfillment of the payment obligation, the referee or circuit judge may direct that the order of income withholding be delayed until such time as the referee or judge determines. If the referee or judge finds against the payer, the order of income withholding shall take effect immediately.

"(3) If the hearing provided under subsection (2) is held before a referee, the payer may appeal a decision of the referee to the circuit court within 15 days after the date of the referee's decision. A circuit judge shall hear the appeal de novo." MCL 552.607. (Emphasis added.)

Section 11(1) of the Friend of the Court Act, MCL 552.511(1); MSA 25.176(11)(1), referred to in the above statute, requires the office of the Friend of the Court to establish a self-initiating enforcement mechanism which causes a notice of arrearage to be sent upon the accumulation of a fixed amount of arrearage, which at the time of this case was not to exceed eight weeks' payments.

In our opinion, the SVEA contemplates that an income-withholding provision contained in a judgment of divorce pursuant to MCL 552.604 or by operation of law, see MCL 552.604, as amended by 1985 PA 210, may be triggered only upon notice of an arrearage from the Friend of the Court.

In enacting the SVEA, the Legislature created a near-automatic wage assignment mechanism to enforce child support obligations. We are persuaded that it was not the Legislature's intent in so doing to create a system whereby the parties themselves may trigger this powerful mechanism by instituting proceedings whenever they wish, independent of a determination and notice of arrearage by the Friend of the Court. This is not to say that a party to a judgment of divorce may not institute his or her own contempt proceedings to enforce the child support provisions of the judgment; clearly such an action survives the act. We merely hold that in order to invoke the automatic wage assignment provisions of the SVEA the statutory procedures outlined in § 7 as quoted above

and as amended by 1985 PA 210, including notice of arrearage from the Friend of the Court, must be complied with.

In the instant case, plaintiff elected to institute her own contempt proceedings alleging an arrearage of her own computation rather than to follow the procedures set forth in the SVEA. As we have noted, she was free to do so and the court was free to fashion an appropriate remedy. However, until the notice requirements of MCL 552.607 were met and defendant had an opportunity either to request a § 7 hearing or to pay in full an arrearage calculated by the Friend of the Court, the court was precluded from making effective the income-withholding provision contained in the parties' judgment of divorce. Since defendant was never given such notice and opportunity for a hearing, we reverse the order of wage assignment.

Plaintiff asserts that she acted appropriately under § 5 of the SVEA, MCL 552.605. We disagree. Section 5 (which was repealed by 1985 PA 210) provided relief for arrearages under support orders entered prior to July 1, 1983, the effective date of the SVEA, and thus is not controlling here. See, McLeod, *Summary of the 1982 Friend of the Court Reform Package,* 62 SBJ 430, 432 (1983). Plaintiff points to no other authority for the grant of the order of wage assignment in this case, and we are unable to find any. The SVEA does include a contempt sanction, MCL 552.631; MSA 25.164(31), but that procedure may only be initiated when a person who has been ordered to pay support fails to do so *and* a properly entered order of income withholding has proven unsuccessful. On these facts, therefore, MCL 552.631 is inapplicable.

Reversed.